**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4543**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH EARL WHITAKER,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:05-cr-00353-HEH-AL)

—————————

Submitted:  December 20, 2006      Decided:  January 23, 2007

—————————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Michael S. Nachmanoff, Acting Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Charles Philip Rosenberg, United States Attorney, Alexandria, Virginia; Matthew Childs Ackley, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Earl Whitaker pled guilty to two counts of making false statements in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (2000). He was sentenced to seventy-two months for each offense; the sentences run concurrently. He now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one claim but stating that there are no meritorious grounds for appeal. Whitaker has filed a pro se supplemental brief. We affirm.

Prior to sentencing, Whitaker and the United States agreed that he should be held accountable for three to seven firearms. Because Whitaker committed the instant offenses subsequent to a felony conviction for a controlled substance offense, the probation officer assigned a base offense level of 20. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2005). Two levels were added because the offense, as stipulated, involved between three and seven firearms. See USSG § 2K2.1(b)(1)(A). The offenses were grouped together. See USSG §§ 3D1.2(d), 3D1.4. Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. Whitaker's total offense level was 19. His criminal history score was 17, placing him in criminal history category VI. His resulting advisory guideline range was 63-78 months. Whitaker

was statutorily subject to ten years in prison on each count. <u>See</u> 18 U.S.C. § 924(a)(2) (2000).

Whitaker contends that the two-level enhancement for number of firearms was erroneous because this finding was based largely on the statements of known drug addicts and because the enhancement violates the Sixth Amendment. He also disputes two criminal history points.

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentence must be "within the statutorily prescribed range and . . . reasonable." <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted). "[A] sentence imposed within the properly calculated Guideline range . . . is presumptively reasonable." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Here, the concurrent seventy-two-month sentences fall within the applicable statutory range of up to ten years for each offense. Moreover, the advisory guideline range was correctly calculated. First, Whitaker agreed he was accountable for between three and seven firearms. Given this agreement, the source of information supporting the enhancement is irrelevant. Furthermore, his concession renders his objection to the enhancement on Sixth Amendment grounds and <u>Booker</u> meritless. We need not address whether the two disputed criminal history points were correctly assessed. Even without those points, Whitaker would have had

- 3 -

fifteen criminal history points, and would have remained in criminal history category VI.

The district court imposed a sentence that was both within the statutory range and the properly calculated advisory guideline range. Additionally, the court considered the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) when imposing sentence. We conclude that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm. This court requires counsel to inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
